IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

| | |
|---|---|
| In re: | CHAPTER 13 BANKRUPTCY |
| **JASON MICHAEL DOMONKAS,** | CASE NO.: 17-52862 |
| Debtor. | JUDGE: ALAN M. KOSCHIK |
| | MOTION FOR HARDSHIP DISCHARGE |

Now comes the Debtor, Jason Michael Domonkas, by and through counsel, and respectfully moves this Court for an order granting a discharge pursuant to U.S.C. § 1328(b) for the reasons set forth below.

I. Background and Facts

The debtor is a single man and father of two children, 11 and 17. At the time of the filing of this proceeding, the debtor had a live-in partner and listed deductions for child support payments for his children in the amount of approximately $375.40. (*See* Schedule I, listed as "Miscellaneous Deduction/Garnishment.") However, that figure seriously undercounted his child support obligation at the time: the paystubs provided with his filing showed average monthly child support deductions of approximately $669.01. (*See also* Summit County Child Support Enforcement Agency printouts, attached hereto as Exhibits A-B.)

His budget was tight even under the initial filing, with food expenses listed as $250, transportation at $130, entertainment at $7 per month, and no personal care expenses or medical/dental expenses. After considering the impact of the

miscalculation of child support on his budget, it is clear that Mr. Domonkas had essentially no excess funds with which to service this plan.

Mr. Domonkas' financial situation became even worse through no fault of his own. Under the initial filing, the contribution of his partner, termed "Roommate's half of rent" on Schedule I filed herein, was $362.50 per month. During the pendency of the case, Mr. Domonkas and his partner split up, leaving Mr. Domonkas to meet very similar financial obligations of the household without his former partner's contribution to expenses.

The within proceedings were filed on November 13, 2017. The debtor's plan was confirmed on March 7, 2018. Since the filing of this procedure, Mr. Domonkas has been making his Chapter 13 payments as ordered.

## II. Applicable Law

Section 1328(b) permits a "hardship discharge" for a debtor who has not completed all the payments under a Chapter 13 Plan at any point in time after confirmation of the plan, upon notice and hearing, after the debtor has met all requirements of subsection(b).

Section 1328(b) provides that the Court may grant a discharge to a debtor who has not completed payments under the Chapter 13 plan if:

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable.

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7 on such date; and

(3) modification of the plan under section 1329 of this title is not practicable.

A "hardship discharge" may be sought when an intervening event giving rise to the debtor's inability to complete performance under the Plan occurs. An additional financial strain which arises during the Chapter 13 process may or may not be sufficient to merit a "hardship discharge." However, debtors need not prove a catastrophic event. A court should consider such factors as whether (1) the debtor presents substantial evidence of the ability and intent to perform at the time of the confirmation; (2) whether the debtor materially performed under the plan until the intervening event; (3) whether such event was reasonably foreseeable at the time of the confirmation; (4) whether such event is expected to continue; (5) whether the debtor had control over the event; and (6) whether the intervening event constitutes sufficient and proximate cause for the failure to make payments. *In re Brandhill*, 231 B.R. 836 (B.A.P. 1st Cir. 1999).

> **A.** **The Debtor's failure to complete plan payment is due to circumstances for which he should not justly be held accountable.**

The debtor meets the requirement of Section 1328(b)(1). Due to the breakup of the Debtor's relationship, a significant portion of income has been removed from the debtor's household. As a result, this loss of income has placed a significant strain on the debtor's budget. Debtor cannot formulate a budget that realistically provides for the necessities of life, including food, clothing, and shelter. It is submitted that debtor's failure to complete plan payment is due to the failure of his relationship, for which he should not justly be held accountable.

> **B.** **The value, as of the effective date of the plan, of property actually distributed under the plan to each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the Debtor had been liquidated under Chapter 7 on such date.**

The Debtor meets the requirement of Section 1328(b)(2). It is submitted that there would be no assets from a liquidation under Chapter 7. There is no equity in his 2016 Hyundai Voloster, which he will be surrendering in any case because the monthly

3

payments are too high. He owns no other unexempt property and accordingly, his unsecured creditors would not have received anything more than they already did under this plan.

### C. Modification of the plan under § 1329 of this title is not practicable.

Finally, the debtor meets the requirement of Section 1328(b)(3). Due to the limited financial resources of the Debtor and budgetary demands, it is impossible to formulate a plan under которой one could reasonably expect the Debtor to exist.

Thus, the Debtor meets the requirements of Section 1328(b) and further satisfies the *In re Bandhill* guidelines. Consequently, he is requesting a "hardship discharge" and will be surrendering the 2016 Hyundai Voloster.

**WHEREFORE**, the Debtor prays that his Motion be granted.

Respectfully submitted,

/s/ Rebecca J. Sremack
Rebecca J. Sremack #0092313
William M. Sremack #0006832
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Phone: 330.644.0061
Fax: 330.644.7241
info@sremacklaw.com
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2019, a copy of the foregoing *Motion for Hardship Discharge* was filed electronically via this Court's ECF system and served upon all parties indicated on the electronic filing receipt, namely:

 Trustee Keith Rucinski    U.S. Trustee

It was also served this same date upon the creditors listed on the next page.

            /s/ Rebecca J. Sremack
            Rebecca J. Sremack #0092313
            *Counsel for Debtor*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-5<br>Case 17-52862-amk<br>Northern District of Ohio<br>Akron<br>Fri Apr 12 09:00:36 EDT 2019 | 455 John F. Seiberling Federal Building<br>US Courthouse<br>2 South Main Street<br>Akron, OH 44308-1848 | Buckle<br>Comenity Bank<br>Bankruptcy Department<br>P.O. Box 182125<br>Columbus, OH 43218-2125 |
| Capital One<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 |
| Escallate, LLC<br>5200 Stoneham Rd., Suite 200<br>North Canton, OH 44720-1584 | Goodyear Credit Plan<br>Processing Center<br>P.O. Box 6403<br>Sioux Falls, SD 57117-6403 | Hyundai Capital America DBA<br>Hyundai Motor Finance<br>PO Box 20809<br>Fountain Valley, CA 92728-0809 |
| Hyundai Motor Finance<br>Attention:  Bankruptcy Department<br>P.O. Box 20809<br>Fountain Valley, CA 92728-0809 | Kohl's<br>P.O. Box 3043<br>Milwaukee, WI 53201-3043 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Summit County Fiscal Office<br>175 S. Main St., #400<br>Akron, OH 44308-1308 | Virginia Kilgore<br>317 Keenan Ave.<br>Cuyahoga Falls, OH 44221-2225 |
| David A. Keith<br> THE KEITH LAW OFFICE<br>1650 S. Arlington Street<br>Suite 3<br>Akron, OH 44306-3891 | Jason Michael Domonkas<br>6690 Christan Rd.<br>Clinton, OH 44216-9650 | Keith Rucinski<br>Chapter 13 Trustee<br>One Cascade Plaza Suite 2020<br>Akron, OH 44308-1160 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     0<br>Total                  17 |